UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SASASTINA MCLEAN,

                              Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                        04-CV-959S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.


        1.      In this case, Plaintiff Sasastina McLean challenges an Administrative Law

Judge's ("ALJ") determination that he is not disabled within the meaning of the Social

Security Act ("the Act").  Plaintiff alleges that he has been disabled since February 21,

2001, due to head, neck, right shoulder and lower back pain.  Plaintiff contends that his

impairment has rendered him unable to work.  He therefore asserts that he is entitled to

payment of disability benefits under the Act.

        2.      Plaintiff filed applications for Supplemental Security Income and disability

insurance benefits on January 18, 2002.  His applications were initially denied.  Pursuant

to Plaintiff's request, ALJ Nancy Lee Gregg held an administrative hearing on September

22, 2004.  The ALJ denied Plaintiff's application, and he then requested further review.

The Appeals Council denied Plaintiff's request on October 29, 2004, effectively making the

ALJ's decision the final decision of the Commissioner.  Plaintiff filed the current civil action

challenging Defendant's final decision on November 30, 2004.

        3.      This case was initially assigned to Chief Judge Richard J. Arcara.  On May

8, 2005, Chief Judge Arcara referred this matter to Magistrate Judge H. Kenneth

Schroeder, Jr. for the issuance of a Report and Recommendation.  On May 23, 2005,

Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure.  On July 8, 2005, Plaintiff filed a cross-motion seeking

the same relief.  Judge Schroeder heard oral argument on both motions on August 11, 2005, and reserved decision at that time.  On December 21, 2006, Chief Judge Arcara transferred this case to this Court.[1]

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination

---

[1]By separate Order, this Court is vacating the prior referral of this case to Judge Schroeder for the issuance of a Report and Recommendation.

considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.    The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.    This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.   If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.    While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the

claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.    In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 17, 22);[2] (2) Plaintiff's disc degeneration at C2-3 through C4-5, a posterior osteophyte at C5-6 impinging on the ventral sac (no encroachment), right uncovertebral joint hypertrophy at C5-6, moderate to large right paracentral disc herniation at C5-6, and a probable annular tear are "severe" impairments within the meaning of the regulations (R. at 19, 22-23); (3) Plaintiff's impairments are not "severe" enough to meet or medically equal, either singly or in combination, the criteria specified for any impairment listed in Appendix 1, Subpart P, Regulations No.4 (R. at 19, 23); (4) Plaintiff retained the residual functional capacity for a full range of sedentary work and a wide range of light work (R. at 20, 23);[3] and (5) Plaintiff was unable to perform his past relevant work as a cook.  (R. at 21, 23).  Considering Plaintiff's status as a younger

---

[2] Citations to the underlying administrative record are designated as "R."

[3] "Sedentary" work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 CFR §§ 404.1567(a) and 416.967(a).
    "Light" work involves lifting no more than twenty pounds at a time occasionally, with frequent lifting or carrying of objects weighing up to ten pounds.  Even though the weight carried may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  If someone can do light work, he or she can also do sedentary work unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 CFR §§ 404.1567(b) and 416.967(b).

individual with an above high school education having no non-extertional limitations and a residual capacity for a wide range of light work and a full range of sedentary work, the ALJ determined that Medical-Vocational Rules 201.28 and 201.29 directed a finding of "not disabled."  (R. at 22, 23).  Ultimately, the ALJ determined that Plaintiff was not under a disability, as defined by the Act, at any time through the date of her decision (September, 22, 2004).  (R. at 22, 23).

10.    Plaintiff raises two challenges to the ALJ's decision.  He first challenges the ALJ's finding that his condition does not equal the listing requirement of 20 C.F.R. Pt. 404 Subpt. P, App. 1 §1.04(A).  (R. at 19).  Specifically, Plaintiff argues that although he has not experienced any motor loss (which is a requirement of the listing), his impairments are nonetheless the medical equivalent of the condition defined in § 1.04(A).  This argument is not persuasive.

11.    An impairment is medically equivalent to a listed impairment if "it is at least equal in severity and duration to the criteria of any listed impairment."  20 C.F.R. § 404.1526(a).  In a case such as the one presented here, where the claimant does not exhibit one of the findings specified in the listing, medical equivalence may be found if the claimant has "other findings related to [his] impairment that are at least of equal medical significance to the required criteria."  20 C.F.R. § 404.1526(b)(1).

12.    Plaintiff conceded at oral argument that his limitations do not meet the listing requirement of § 1.04(A) because there is no evidence of motor loss.  (Tr. at 10.)  And while a finding of medical equivalency is possible in the absence of a required area of limitation, Plaintiff does not present any "other findings" that are of equal medical significance to the motor loss required by the listing, nor does he identify any medical conditions that are equal in severity or duration to the listed motor loss.  Instead, his

argument is simply that he has a majority of the limitations outlined in the listing.  (See Tr. at 10-11 ("[T]hat's our argument here, your Honor, is that, yes, I agree that my client does not have motor loss.  I agree with that, but he has all the rest.")).  This, however, is not sufficient.  The Regulations require that other medically significant limitations be present as a substitute for the missing limitation to support a finding of equivalency.  Plaintiff has the burden to establish such other limitations and has failed to do so.  Accordingly, this Court finds that the ALJ did not err by failing to find that Plaintiff's limitations are the medical equivalent of the limitations set forth in § 1.04(A).

13.     Plaintiff's second argument is that the ALJ's residual functional capacity and adverse credibility findings are not supported by substantial evidence in the record.  While the ALJ determined that Plaintiff could not return to his past relevant work, she found that he retained the necessary residual function capacity to perform a wide range of light work and a full range of sedentary work.  (R. at 20).   This conclusion is supported by medical evidence in the record from Drs. Fleming and Krenzer, who reported that Plaintiff had full motor strength in his upper extremities and no evidence of weakness in his lower extremities. (R. at 169, 179, 181, 189, 205; R. at 244, 245, 260, 261).  Moreover, a source of the back pain of which Plaintiff complained could not be located by any of the physicians, and Dr. Dina concluded that without objective evidence, he could not find that Plaintiff was functionally limited due to back pain.  (R. at 213).  In fact, an MRI of Plaintiff's lumbar spine was negative.  (R. at 205, 209).  Thus, this Court finds that the ALJ's residual functional capacity assessment is supported by substantial medical evidence in the record.

14.     Plaintiff further argues that the ALJ erred by not deferring to the notations by Drs. Krenzer and Huckell that Plaintiff was totally disabled.  (R. at 181, 202, 202, 206).  This Court finds that it was not error for the ALJ to reject these findings as controlling in

light of the other objective medical evidence in the record.   It is well-settled that the disability determination is reserved to the Commissioner, not a treating physician.   See 20 C.F.R. § 404.1527 (conclusory statements made by doctors are not controlling because it is the Commissioner's task to determine whether an individual is disabled within the meaning of the Act).

15.   Plaintiff's final argument is that the ALJ improperly evaluated his credibility. The ALJ found that Plaintiff's allegations regarding his limitations were not fully credible, and that he is not as functionally limited as he alleges.   (R. at 20).   Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984)(holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982)(similar).   While this Court is of the opinion that the ALJ could have done a more complete and better job of explaining her adverse credibility finding, this is not cause to reverse her decision.   It is clear from the record that a proper basis exists for the ALJ's findings.   Aside from the fact that the ALJ presided over the hearing and was in the best position to observe and assess Plaintiff's demeanor, the inconsistencies between Plaintiff's testimony and the objective medical evidence support the ALJ's credibility determination. Consequently, this Court finds no cause to disrupt the ALJ's credibility finding.   See Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)("The ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.").

16.    After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions rendered therefrom.  It is clear to this Court that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering her decision that Plaintiff is not disabled within the meaning of the Act.    Finding no reversible error in the ALJ's decision, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking the same relief.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:   February 27, 2007
          Buffalo, New York


                              /s/William M. Skretny____
                              WILLIAM M. SKRETNY
                              United States District Judge